(109 So. 758)

**MORRISON v. STATE.** (6 Div. 891.)

(Court of Appeals of Alabama. June 8, 1926. Rehearing Denied June 29, 1926.)

**1. Intoxicating liquors** ⬡➪236(6½).

Evidence *held* to sustain conviction for violation of prohibition law by possessing whisky.

**2. Intoxicating liquors** ⬡➪238(1).

In prosecution for possession of whisky, evidence being in conflict, court was without authority to direct verdict.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

F. G. (alias Lil) Morrison was convicted of having whisky in his possession,·and he appeals. Affirmed.

Certiorari denied by Supreme Court in Morrison v. State, 109 So. 759. ·

Pinkney Scott, of Bessemer, for appellant.

Counsel argues for error in refusal of the affirmative charge, but without citing authorities.

Harwell G. Davis, 'Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charges requested by defendant were properly refused. Tatum v. State, 20 Ala. App. 24, 100 So. 569.

BRICKEN, P. J. The principal question presented for the consideration of this court is the sufficiency of the evidence to warrant or sustain the conviction of this appellant, who was charged with the offense of violating the prohibition law of the state by having whisky in his possession. Other questions are raised upon this appeal but are of no moment, as the rulings of the court were without error.

The defendant requested the general affirmative charge, and its refusal by the court raises the question properly.

[1, 2] The evidence, without conflict, disclosed that this appellant was living, and had been living for several years, on the place searched by the officers; that the premises consisted of his home and several acres

of land. The search was made by the several officers at a time when the defendant was confined in jail, and while no one was at his home. Each of the state witnesses testified that they found 75 gallons of whisky, and the evidence, without conflict, disclosed that some of the whisky was buried on the premises of defendant near his barn, and that a large quantity was found hidden in a fence corner at his potato patch. In addition to this, the defendant on cross-examination of state witness Scrimscher brought out the fact that he (the witness) searched in the defendant's cellar and there found "some five-gallon empty kegs down there that had just been emptied of whisky," etc.

The defendant testified in his own behalf and denied all knowledge of the whisky being upon his premises; he emphatically stated he knew nothing whatever about the whisky. He admitted that there were empty kegs in his cellar, but stated they were used by him for hauling water for drinking purposes. He denied that whisky had been in either of the kegs as testified to by witness Scrimscher. This and other testimony of like import presented a question for the determination of the jury. The evidence being in conflict, the court was without authority to direct the verdict. There was no error in the refusal of the requested charge.

No error appearing, let the judgment of conviction appealed from stand affirmed.

Affirmed.